

**FILED**

FEB 0 1 2017

Clerk, U.S. District Court
District Of Montana
Helena

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

KENNETH SENST,

                Plaintiff,

vs.

FLAGSTAR BANK F.S.B. AND
DOES I-V,

                Defendants.

No. CV-16-29-BU-SEH

**OPINION AND ORDER**

Before the Court is Defendant Flagstar Bank F.S.B.'s ("Flagstar") Motion for Summary Judgment.[1] For the stated reasons which follow, the motion is granted in part and denied in part.

---

[1] Doc. 25.

## Background

This case arises from allegations that Flagstar, as lender, mishandled the servicing, modifying, and eventual foreclosure of Plaintiff Kenneth Senst's ("Senst") mortgage, which secured property located at 129 Kountz Road in Whitehall, Montana ("Property").

Senst and his then-wife closed the mortgage loan with Flagstar on May 19, 2009.[2] His troubles with the loan began shortly thereafter. The loan was never current.[3] By August 19, 2009, Flagstar had informed Senst, in writing, that the loan was in default.[4] The Property was eventually sold at foreclosure sale over three years later on November 5, 2012.[5]

Senst asserts that he made numerous attempts with Flagstar to negotiate a loan modification of the defaulted mortgage or for other relief between June 2011 and the foreclosure in November 2012.[6] A part of these ongoing negotiations included a forbearance agreement between Senst and Flagstar on October 25,

---

[2] Doc. 31 at 2 (Defendant Flagstar's Statement of Undisputed Facts, and Plaintiff's Responses ("SUF") ¶ 1); Doc. 28-1 (Deed of Trust) (The parties do not dispute the authenticity and accuracy of the copy filed in the record.).

[3] Doc. 31 at 2 (SUF ¶ 4).

[4] Doc. 31 at 2 (SUF ¶ 3).

[5] Doc. 31 at 4 (SUF ¶ 17).

[6] *See generally* Doc. 11; *see also* Doc. 31 at 3–5 (SUF ¶¶ 6, 9, 13, 20, 22).

2011, which itself allowed Senst to remain delinquent on the loan for several months.[7]

Later, on February 15, 2012, Senst was separately approved for a loan modification.[8] In March of 2012, Flagstar learned of several tax liens recorded against the Property.[9] It requested Senst remove them.[10] Senst, without removal of the liens, submitted a final loan modification application on July 18, 2012.[11] On August 1, 2012, Flagstar informed Senst that he could not receive a loan modification until the tax liens on the Property were released.[12] The liens were never released before the Property was sold at foreclosure sale on November 5, 2012.[13]

Senst asserts that Flagstar mishandled the servicing of his mortgage throughout a time period starting in June 2011 by: (1) not providing accurate

---

[7] Doc. 31 at 3 (SUF ¶¶ 6, 7).

[8] Doc. 31 at 3 (SUF ¶ 9) (Although Plaintiff marked this fact as "Disputed," in substance he does not dispute that he was approved for the loan modification, only that he never received it, a fact not even advanced by Flagstar).

[9] Doc. 31 at 4 (SUF ¶ 10).

[10] Doc. 31 at 4 (SUF ¶ 11).

[11] Doc. 31 at 4 (SUF ¶ 13).

[12] Doc. 31 at 4 (SUF ¶ 14).

[13] Doc. 31 at 4 (SUF ¶ 17).

information; (2) cutting off Senst's calls; (3) transferring calls to incorrect departments; (4) delaying his loan modification process long enough to ensure that his application would "time out" and he would have to restart the process; and (5) by giving Senst inaccurate information on removing the tax liens from the Property.[14]

This case was commenced in Montana state court on October 30, 2015.[15] A First Amended Complaint ("Amended Complaint")[16] was filed in state court on March 30, 2016. Seven claims were asserted: Count I (violation of the Montana Unfair Trade Practices and Consumer Protection Act of 1973 ("MCPA")[17]); Count II (negligence arising from: (a) Flagstar's mishandling of Senst's loan modifications; (b) Flagstar's violation of the Small Tract Financing Act ("SFTA");[18] and (c) Flagstar's negligent hiring and staffing); Count III (tortious breach of the implied covenant of good faith and fair dealing); Count IV (breach of contract (Deed of Trust) arising from (a) Flagstar's violation of the SFTA; and (b) breach of the implied covenant of good faith and fair dealing); Count V

---

[14] Doc. 31 at 6–7 (Disputed Facts ¶¶ 5–7, 9, 10).

[15] *See* Doc. 1-2 at 2.

[16] Doc. 11.

[17] Mont. Code Ann. §§ 30-14-101–157.

[18] Mont. Code Ann. §§ 71-1-301–321.

(breach of contract (Forbearance Agreement)); Count VI (violation of the Equal Credit Opportunity Act ("ECOA")[19]); and Count VII[20] (punitive damages).

Flagstar timely removed to this Court[21] and moved, on June 13, 2016, to dismiss for failure to state a claim, asserting "all but two of Plaintiff's claims are barred by the statute of limitations."[22] Senst responded to the motion by presenting numerous matters outside the pleadings.[23] Accordingly, the Court ordered Flagstar's pending Rule 12(b)(6) Motion to Dismiss[24] be treated as a motion for summary judgment under Fed. R. Civ. P. 12(d).[25] Additional filings followed.

A Motion for Summary Judgment ("Motion"),[26] supporting brief,[27] and statement of undisputed facts[28] was filed by Flagstar on November 18, 2016,

---

[19] 15 U.S.C. §§ 1691–91f.

[20] The Amended Complaint repetitiously labels the seventh count as "Count VI" in error. The Court will refer to it as Count VII.

[21] Doc. 1.

[22] Doc. 3 at 1.

[23] *See* Doc. 12.

[24] Doc. 3.

[25] Doc. 19.

[26] Doc. 25.

[27] Doc. 26.

[28] Doc. 27.

seeking summary judgment on all seven counts. Senst responded.[29] Flagstar replied.[30] The Court conducted a hearing on the Motion on January 31, 2017. The matter is fully submitted and ripe for decision.

## Legal Standard

Summary judgment is appropriate when the record establishes there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.[31] "[S]ubstantive law [identifies] which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[32] A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[33] The evidence of the nonmovant is to be believed, it is to be viewed in the light most favorable to the nonmovant, and all justifiable inferences are to be drawn in its favor.[34] "'In order to carry its burden of

---

[29] Doc. 30.

[30] Doc. 32.

[31] Fed. R. Civ. P. 56.

[32] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[33] *Id.*

[34] *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) (citing *Anderson*, 477 U.S. at 255); *McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009).

-6-

production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'"[35]

### Discussion

### I

Senst's first claim pleads violation of the MCPA. The operative language of that statute provides: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."[36] Flagstar argues the claim is barred by the applicable two-year statute of limitations.[37]

In *Osterman v. Sears, Roebuck & Co.,*[38] the Montana Supreme Court held that claims brought under the MCPA are limited by the two-year statute of Montana Code Annotated § 27-2-211(1)(c), which provides in pertinent part:

> (1) Within 2 years is the period prescribed for the commencement of an action upon:
>
> .   .   .

---

[35] *Jones v. Williams*, 791 F.3d 1023, 1030–31 (9th Cir. 2015) (quoting *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

[36] Mont. Code Ann. § 30-14-103.

[37] Mont. Code Ann. § 27-2-211(1)(c).

[38] 80 P.3d 435, 441 (Mont. 2003).

(c) a liability created by statute . . . .

The Amended Complaint asserts a non-exclusive list of Flagstar's alleged acts that are claimed to give rise to the MCPA claim:

a. Serially "losing" or mishandling the Senst's application documents, resulting in Senst having to send in multiple sets of the same documents;

b. Regularly providing Senst with conflicting and inconsistent information.

c. Failing to timely evaluate Senst for a loan modification;

d. Charging fees and/or other charges in violation of the Small Tract Financing Act;

e. Withholding information that Senst needed to complete his loan modification application;

f. Failing to accurately inform Senst of any and all loss mitigation options available or not available prior to foreclosure; and

g. "Dual tracking" Senst's loan by simultaneously working with him on a modification while commencing foreclosure.[39]

All of the alleged events outlined above occurred in 2011 and 2012 and prior to the foreclosure sale of November 5, 2012.[40] Senst's original complaint was filed on October 30, 2015, at the very least, over a year after the two-year statute of limitations had run.

---

[39] Doc. 11 at 8.

[40] *See id.* at 3–7; *see also* Doc. 31 at 3–5 (SUF ¶¶ 6, 9, 13, 20, 22).

Senst engaged with Flagstar for nearly two years in 2011 and 2012 in efforts to obtain a loan modification or some other relief from the defaulted mortgage.[41] Flagstar's allegedly incompetent conduct during that time period was or should have been readily apparent to Senst; or at a minimum, would have put a reasonable person on inquiry. Senst contacted no less than three separate attorneys during this time period to seek advice related to his dealings with Flagstar.[42] No reasonable person, on the record before the Court, could have reached the conclusion that Senst was without knowledge of Flagstar's allegedly incompetent acts during the relevant time period.

Moreover, missing from Senst's response to the Motion is any argument directed specifically to his MCPA claim. He provided nothing by way of evidence to show Flagstar's actions were concealed or that otherwise provided a basis for tolling the statute of limitations. No reasonable jury could have found Senst filed the MCPA claim within the two-year statute of limitations.

## II

Senst's second count is negligence. He asserts three actions by Flagstar that give rise to the claim: (a) that Flagstar negligently mishandled Senst's applications

---

[41] *See* Doc. 31 at 3–6 (SUF ¶¶ 6, 9, 13, 20, 22; Disputed Facts ¶¶ 3, 5–7, 8).

[42] Doc. 31 at 5 (SUF ¶ 18).

for loan modification; (b) that Flagstar failed to comply with the STFA by not

naming "the original beneficiary in the deed of trust in the notice of trustee's

sale[;]" and (3) that Flagstar negligently trained its loss mitigation staff.[43] Flagstar

argues all the claims are barred by the applicable statute of limitations.

> Montana Code Annotated § 27-2-204(1) provides:

> [T]he period prescribed for the commencement of an action upon a
> liability not founded upon an instrument in writing is within 3 years.

> Montana Code Annotated § 27-2-102(1)(a) provides:

> [A] claim or cause of action accrues when all elements of the claim or
> cause exist or have occurred, the right to maintain an action on the
> claim or cause is complete, and a court or other agency is authorized
> to accept jurisdiction of the action[.]

Put simply, "a right of action in tort accrues upon injury."[44]

Under Montana law, negligence has four elements: "'(1) the defendant owed

the plaintiff a legal duty, (2) the defendant breached that duty, (3) the breach was

the actual and proximate cause of an injury to the plaintiff, and (4) damages

resulted.'"[45] Senst's negligence claims must have accrued after October 30, 2012,

---

[43] Doc. 11 at 8–9.

[44] *Montana Pole & Treating Plant v. I.F. Laucks and Co.*, 775 F. Supp. 1339, 1346 (D.
Mont. 1991).

[45] *Not Afraid v. State*, 362 P.3d 71, 74 (Mont. 2015) (quoting *Peterson v. Eichhorn*, 189
P.3d 615, 621 (Mont. 2008)).

to be actionable within the three-year statute of limitations, which ended October 30, 2015. None did.

### a. Count II(a)

Senst asserts he submitted his first loan modification application in June of 2011.[46] The undisputed facts show, however: (1) that Senst's last application for a loan modification was not complete until July 18, 2012;[47] (2) that on October 16, 2012, Flagstar told Senst he had until October 18, 2012, to remove the tax liens on his property;[48] (3) that the liens were never removed;[49] and (4) that the Property was sold in foreclosure sale on November 5, 2012.[50] October 16, 2012, is the last date of record in which Flagstar took action on Senst's loan modification application.

The uncontested allegations of the Amended Complaint and the undisputed facts belie any conclusion that Senst's negligence claim accrued only upon foreclosure. Senst, in fact, claims Flagstar negligently mishandled his loan modification applications over a period of nearly two years starting in 2011. He

---

[46] Doc. 11 at 4.

[47] Doc. 31 at 4 (SUF ¶ 13).

[48] Doc. 31 at 4 (SUF ¶ 16).

[49] Doc. 31 at 4 (SUF ¶ 17).

[50] *Id.*

specifically alleges that his damages include "his lost time; incidental costs of applying for a modification . . . damage to his credit; and emotional distress."[51] All such events giving rise to a negligence claim, if they occurred at all, took place more than three years before suit was filed on October 30, 2015.

### b. Count II(b)

Senst claims Flagstar violated the STFA by "failing to note the name of the original beneficiary in the deed of trust in the notice of trustee's sale."[52] This allegation, however, is contradicted by other evidence of record.

The portion of the STFA relevant to Senst's claim states:

> (3) the trustee or beneficiary shall have filed for record in the office of the clerk and recorder in each county where the property described in the indenture or some part thereof is situated a notice of sale, duly executed and acknowledged by such trustee or beneficiary, setting forth:

> (a) the names of the grantor, trustee, and *beneficiary in the trust indenture* and the name of any successor trustee[.][53]

The STFA defines "Beneficiary" as: "[T]he person named or otherwise designated in a trust indenture as the person for whose benefit a trust indenture is

---

[51] Doc. 11 at 7.

[52] *Id.* at 9.

[53] Mont. Code Ann. § 71-1-313(3)(a) (emphasis added).

given or the person's successor in interest, who may not be the trustee."[54] In an

unrelated case, *Pilgeram v. Greenpoint*, the Montana Supreme Court ruled that the

Beneficiary of a deed of trust "is the entity to whom the secured obligation flows"

and in that case, Mortgage Electronic Registration Systems, Inc. ("MERS") was

not appropriately a Beneficiary under the STFA.[55]

In this case, MERS was named in the Deed of Trust as the "Beneficiary

under the Security Agreement."[56] Such designation was erroneous. The Deed of

Trust correctly identified Flagstar as the "Lender."[57] Flagstar, as Lender, was in

fact "the entity to whom the secured obligation flow[ed]" and thus should have

been named as the Beneficiary of the Deed of Trust.[58]

The Notice of Trustee's Sale contained the notification that: "The beneficial

interest is currently held by Flagstar Bank, FSB," and, although the notice did not

literally identify Flagstar as the "Beneficiary," it, without doubt, put Senst on

---

[54] Mont. Code Ann. § 71-1-303(1).

[55] 313 P.3d 839, 843 (Mont. 2013)

[56] Doc. 28-1 at 2.

[57] *Id.*

[58] Interpretation of the Deed of Trust, as a contract, is a question of law for the Court. *Ophus v. Fritz*, 11 P.3d 1192, 1195 (Mont. 2000).

-13-

notice that Flagstar held the beneficial interest in the Property.[59] The Notice of

Trustee's Sale appropriately provided the notice obligations mandated by the

STFA. No conclusion is warranted that conduct of the sale was flawed by the

manner in which notice of sale obligations of the STFA were carried out.

Moreover, Senst did not file the STFA claim within the applicable statute of

limitations. The Notice of Trustee's Sale was executed on June 27, 2012. Any

claim arising from an alleged violation of the notice requirements of that statute[60]

must have occurred within two years of the notice,[61] in this case, by June 27, 2014.

The Court has made no ruling on whether a violation of the STFA would give rise

to a negligence action, but even if it did, the last available date to file such a claim

would have been June 27, 2015, a date which passed more than four months

before suit was filed.

### c. Count II(c)

The statute of limitations analysis for Senst's negligent training mirrors the

analysis of Count II(a) above. All the events giving rise to this claim occurred

---

[59] Doc. 31-3 at 1 (Notice of Trustee's Sale of June 27, 2012) (The parties do not dispute the authenticity and accuracy of this copy.).

[60] Mont. Code Ann. § 71-1-313(3).

[61] Mont. Code Ann. § 27-2-211(1)(c).

before October 30, 2012. Suit commenced on October 30, 2015, was not timely filed within the three-year statute of limitations.

Senst further claims the "discovery doctrine" in Montana Code Annotated § 27-2-203[62] should toll the statute of limitations of his negligent training claim but provides no justification for why that claim should be tolled by a statute governing claims of fraud and mistake.

## Continuing Tort

A separate argument is advanced by Senst that the statute of limitations on all tort-based claims should be tolled under the continuing tort doctrine. Flagstar responds that the doctrine is inapplicable to such claims.

The continuing tort doctrine in Montana historically has applied only to nuisance and trespass actions, although the Montana Supreme Court has applied the doctrine to other theories of liability.[63] The distinguishing characteristic of a continuing tort was described as one that "can be reasonably abated."[64] However, "If the continuing tort doctrine were applied in cases where abatement is only

---

[62] "The period prescribed for the commencement of an action for relief on the ground of fraud or mistake is within 2 years, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."

[63] *See, e.g.*, *Christian v. Atlantic Richfield Co.*, 358 P.3d 131, 149–151 (Mont. 2015).

[64] *Id.* at 151.

-15-

possible through the payment of money for past wrongs, any suit seeking damages would arguably qualify as a continuing tort."[65]

Senst argues Flagstar's actions were reasonably abatable because at any time it could have given Senst a loan modification. "Were the Court to conclude that a tort is continuing because a defendant can always choose to stop acting in the manner which a plaintiff alleges is tortious, the continuing tort *exception* would see a vast expansion and would subvert the purpose of statutes of limitations."[66] Such is not the law. The continuing tort doctrine does not apply to Senst's claims.

### III

Senst's third claim is tortious breach of the covenant of good faith and fair dealing. Flagstar argues the claim is barred by the three-year statute of limitations.

"'[T]he covenant [of good faith and fair dealing] is a mutual promise implied in every contract that the parties will deal with each other in good faith, and not attempt to deprive the other party of the benefits of the contract through dishonesty or abuse of discretion in performance.'"[67] "The standard of conduct

---

[65] *Id.*

[66] *Knight v. Wells Fargo Bank*, No. CV 15-56-M-DLC, 2016 WL 3221593, at *6 (D. Mont. June 8, 2016).

[67] *Phelps v. Frampton*, 170 P.3d 474, 482 (Mont. 2007) (quoting *Beaverhead Bar Supply v. Harrington*, 805 P.2d 560, 564 (Mont. 1991)).

imposed by the implied covenant is 'honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.'"[68]

Breach of the implied covenant of good faith and fair dealing customarily sounds in contract. However, such a breach can be tortious if the parties are in a "special relationship,"[69] in which case the claim is governed by the three-year statute of limitations generally applicable to tort claims.[70] In that setting, the Montana Supreme Court endorses "the rule that '[i]n torts arising from contract [,] the statute of limitations has been held to begin to run at the time of the breach of duty constituting the tort and not when damages ensue.'"[71]

Senst's claim for tortious breach of the implied covenant of good faith and fair dealing are claimed to have arisen from the same events as those in Counts II(a) and II(c), all of which occurred prior to October 30, 2012. In the end, the continuing tort doctrine has no application to this claim.

---

[68] *Bertelsen v. Citimortgage, Inc.*, No. CV 16-2-BU-JCL, 2016 WL 3282189, at *8 (D. Mont. June 14, 2016) (quoting *McCoy v. First Citizens Bank*, 148 P.3d 677, 681 (Mont. 2006)).

[69] *Story v. City of Bozeman*, 791 P.2d 767, 776 (Mont. 1990), *overruled on other grounds by Arrowhead Sch. Dist. No. 75 v. Klyap*, 79 P.3d 250 (Mont. 2003).

[70] Mont. Code Ann. § 27-2-204.

[71] *Walch v. University of Montana*, 861 P.2d 179, 182 (Mont. 1993) (quoting *Martin v. Special Resource Mgmt, Inc.*, 803 P.2d 1086, 1088 (Mont. 1990)).

**IV**

Senst's fourth claim is breach of the Deed of Trust. Flagstar responds that the claim, although labeled breach of contract, is merely a statutory claim under the STFA and therefore barred by the two-year statute of limitations in Montana Code Annotated § 27-2-211(1)(c). In reality, Count IV asserts both: (a) a breach based on Flagstar's alleged failure to comply with the STFA; and (b) a breach of the implied covenant of good faith and fair dealing.[72]

### a. Count IV(a)

As stated above, Flagstar did not violate the STFA.

### b. Count IV(b)

The breach of the implied covenant of good faith and fair dealing pleaded in Count IV is a breach of contract governed by the eight-year statute of limitations in Montana Code Annotated § 27-2-202(1).

**V**

Senst's fifth claim is for breach of the forbearance agreement. He asserts Flagstar breached the agreement by failing to accept or account for a particular payment he made under that agreement. Flagstar responded that its only obligation

---

[72] *See* Doc. 11 at 10.

under the agreement was to allow the loan to remain delinquent during the agreed upon three-month period, and having done so, there is no breach.

The record before the Court on this issue at this point is incomplete. One part of that record is a letter dated October 2, 2015, which begins: "Please accept this letter as a formal agreement outlining the reinstatement arrangements previously made with Flagstar Bank. *This agreement confirms the details of the agreed upon payment arrangements.*"[73] However, nothing establishes the letter was a complete integration of the parties' previous reinstatement arrangements. Without such information, any ruling as to the terms and the interpretation of the contract is premature.

Flagstar also argues that Senst's deposition testimony negates an essential element of the breach of the forbearance agreement claim. That testimony, quoted extensively by Flagstar in its brief, established no more than that Senst did not know if a payment he claims to have made under the forbearance agreement was ever accepted or accounted for.[74] Evidence that Flagstar did in fact accept or account for the payment is missing.

---

[73] Doc. 28-5 at 2.

[74] *See* Doc. 32-3 at 2–3.

## VI

Senst's sixth claim is violation of the ECOA.[75] Flagstar responds Senst has

failed to come forth with any evidence that it failed to provide notice to Senst as

required by the ECOA.

15 U.S.C. § 1691(d)(1) provides:

Within thirty days . . . after receipt of a completed application for
credit, a creditor shall notify the applicant of its action on the
application.

He also asserts that such violation gave rise to liability:

Any creditor who fails to comply with any requirement imposed
under this subchapter shall be liable to the aggrieved applicant for
any actual damages sustained by such applicant acting either in an
individual capacity or as a member of a class[.][76]

The Amended Complaint claims three separate instances: July 19, 2011;

May 1, 2012; and June 12, 2012, on which Flagstar failed to notify Senst within

30 days of its action on his completed application for credit.[77] The record, at this

point, is incomplete and fails to disclose whether or not the several applications

were responded to within 30 days.

---

[75] 15 U.S.C. §§ 1691–91f.

[76] 15 U.S.C. § 1691e(a).

[77] Doc. 11 at 4–5.

## VII

Senst's seventh claim is for punitive damages under Montana Code
Annotated §§ 27-1-220, 221. However, as outlined above, all tort-based claims
capable of supporting recovery of punitive damages are to be dismissed. The
punitive damage claim fails.

## VIII

Senst argues, finally, Montana Code Annotated § 27-2-409 should toll the
statute of limitations:

> (1) An acknowledgment or the part payment of a debt is sufficient
> evidence to cause the relevant statute of limitations to begin running
> anew.
>
> (2) An acknowledgment must be contained in some writing signed by
> the party to be charged thereby.
>
> (3) Part payment is any payment of principal or interest.[78]

Flagstar correctly argues in response that the statute does not apply to the facts
before the Court.

Senst claims the payment he received from Flagstar on October 2, 2015,
triggered § 27-2-409.[79] However, the plain language of that statute contemplates

---

[78] Mont. Code Ann. § 27-2-409.

[79] *See* Doc. 31-4 (Senst received part of a settlement arising from a Consumer Financial
Protection Bureau investigation into Flagstar).

that it applies to "acknowledgment or the part payment of a debt."[80] A settlement

reached between Flagstar and a government agency, without Senst's knowledge,

participation, or consent, cannot be said to have been an acknowledgment of a part

payment of a debt by Flagstar.[81] No acknowledgment of part payment contained in

a writing signed by Flagstar as required by Montana Code Annotated 27-2-409(2)

was produced or even claimed to exist. Montana Code Annotated § 27-2-409 does

not apply.

ORDERED:

Flagstar's Motion for Summary Judgment[82] is GRANTED in part and

DENIED in part as set forth below:

1.    Flagstar's Motion for Summary Judgment as to each of Counts I, II,

III, and VII is GRANTED. Counts I, II, III, and VII are DISMISSED with

prejudice.

/ / /

/ / /

/ / /

---

[80] Mont. Code Ann. § 27-2-409(1).

[81] *See* Doc. 11 at ¶ 40.

[82] Doc. 25.

-22-

2.   The Motion for Summary Judgment as to Count IV is:

a.   GRANTED, in part, as set forth in the Opinion above[83] (Count IV(a), for violation of the STFA). Count IV(a) is DISMISSED with prejudice.

b.   DENIED, in part, as set forth in the Opinion above[84] (Claim IV(b), for breach of the implied covenant of good faith and fair dealing).

3.   The Motion for Summary Judgment on Count V and on Count VI is DENIED.

4.   By separate order, the Court will schedule a preliminary pretrial conference and establish associated deadlines.

DATED this ___1st___ day of February, 2017.

SAM E. HADDON
United States District Judge

---

[83] Opinion at 18.

[84] *Id.*